# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MICHAEL C. HEYWARD,

    Petitioner,

v.

WARDEN FCI FAIRTON,

    Respondent.

Civ. No. 17-7131 (RBK)

**OPINION**

On or about September 11, 2017, Petitioner, an inmate incarcerated at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the Bureau of Prisons ("BOP") staff abused their discretion under the Second Chance Act by granting him only a seven-to-eight-month placement in a community corrections center ("CCC"), also known as a residential reentry center ("RRC"). (ECF No. 1 at p. 2). Specifically, Petitioner argues that the BOP staff failed to base the pre-release placement decision on Petitioner's individual accomplishments and needs. (*See id.* at pp. 6-7).

On June 23, 2017, Petitioner was advised that his Unit Team had recommended a seven-to-eight-month pre-release placement in a RRC. (*See id.* at pp. 12, 56). On June 26, 2017, Petitioner initiated grievance proceedings under the BOP Administrative Remedy Program. (*See* ECF No. 1 at p. 2). Petitioner alleges that he has completed the informal resolution request, appeal to the Warden, and appeal to the Regional Director. (*See id.* at pp. 2-3). After completion of the Regional Director level of appeal, the Administrative Remedy Program includes a final appeal to the General Counsel. Petitioner admits that he has not fully exhausted his administrative remedies by appealing to the General Counsel and requests that the Court grant him "circumvention of the administrative remedy process" as the process is fraudulent and ineffective. (*See id.* at pp.10-16).

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989); *see also* 28 U.S.C. §§ 2243, 2255.

The Second Chance Act modified the pre-release custody placement statute by (1) doubling the pre-release placement period from six to 12 months, (2) requiring the BOP to make CCC placement decisions on an individual basis, and (3) requiring the BOP to ensure that, consistent with the factors in 18 U.S.C. § 3621(b), the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. *See* 18 U.S.C. § 3624(c).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. *See* 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative

remedy (BP-9) to the Warden. *See* 28 C.F.R. § 542 .14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). *See* 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. *Id.* The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. *See* 28 C.F.R. § 542.18. And the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. *Id.*

Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *see also, e.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996); *see also Gambino*, 134 F.3d at 171; *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino*, 134 F.3d at 171 (exhaustion not required where petitioner demonstrates futility); *Lyons*, 840 F.2d at 205 (exhaustion may be excused where

it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Here, Petitioner admits that he did not fully exhaust administrative remedies. He maintains, however, that he should be excused from fully pursuing administrative relief because the BOP staff has committed fraud and compromised the administrative remedy process by altering documents and rejecting his grievances. (*See* ECF No. 1 at pp. 11-12). Petitioner has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would be futile or that requiring exhaustion would subject Petitioner to "irreparable injury." Without a full administrative record regarding the claim asserted here, this Court cannot determine whether the decision was made in accordance with law. *See, e.g.*, *Gamble v. Schultz*, No. 09-3949, 2009 WL 2634874 (D.N.J. Aug. 24, 2009); *Harrell v. Schultz*, No. 09-2532, 2009 WL 1586934 (D.N.J. June 2, 2009).

Because the face of the Petition establishes that Petitioner failed to exhaust administrative remedies regarding his CCC placement under the Second Chance Act and because Petitioner has not shown that the failure to exhaust should be excused, this Court will dismiss the Petition without prejudice for failure to exhaust administrative remedies. The dismissal is without prejudice to the filing of a new § 2241 petition after Petitioner exhausts administrative relief. *See Lindsay v. Williamson*, 271 F. App'x. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit").

An appropriate order follows.

Dated: April  3 , 2018                                             s/Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge